Thank you, Your Honor. My name is Jonathan Kaufman. I represent the petitioner. Your Honor, this petition requires the court to review a negative credibility finding made by the BIA in an asylum case. Counsel, is that something we would have to get to? Let's suppose for the sake of this question that we were to agree with you on the due process point that your client didn't have an adequate opportunity before the agency to present his arguments concerning credibility. If we agreed with you on that, would we reach the credibility question ourselves, or would we return it to the agency for a fuller exploration of the issue first? Well, at this point, Your Honor, the petitioner has responded to the BIA's concerns. But the BIA hasn't had a chance to think about that, correct? That's correct. That's correct. So that was the point we made in the opening brief was that he was deprived of their opportunity to present his case to the Attorney General. Right. And so if we agree with that point, what would we do next? Remand the case back to the BIA with orders that the petitioner be given an opportunity to file a brief so he could contest the immigration judge's decisions. And ultimately, the BIA reached the same decision as the immigration judge, but the BIA did it on different grounds. But what if we wanted to grant the petition? Would we be precluded from that? No, that's what I was saying, that you have before you the BIA decision. The BIA points out three different reasons why it found, conducting de novo review, the petitioner's claim not to be credible. I believe the petitioner has addressed each of those points and shown why none of them constitute a basis to find the petitioner not to be credible. So if the court could conclude, based on this record, that returning to the BIA would be futile because the BIA petitioner could provide the same argument to the BIA. And if the court were to conclude that he prevails, then the court could just grant him asylum or order the BIA to find that he is in fact a refugee. We could grant eligible for asylum. We could grant the petition, but all that would do is find him eligible for asylum, and then it still would be within their discretion, the INS discretion. It would, yes, it would have to be returned to them for exercise discretion on asylum, but the court could find that he's prevailed on his application for withholding a deportation. Well, my problem, I'm wondering if we can still do that after Ventura. The Supreme Court decision in Ventura. I think that the court could. In Ventura, the agency didn't have, the court was, the Supreme Court found that the court had usurped the authority of the agency to make factual findings. Here you have the factual findings have already been made. The court is reviewing the record. It's not jumping ahead and making new factual findings. So I don't think that Ventura prevents the court from considering the credibility finding on the merits. I guess I'm wondering whether Ventura stands for a somewhat broader proposition than that in suggesting that whenever the agency's procedure has been inadequate, that the agency should be given the first bite at looking at the case under a proper procedure. Well, you mean that because of the failure to serve the transcript on the petition? Yes, and the failure of the briefing. Well, I don't think that Ventura stands for the proposition that every case has to be remanded if the court disagrees with the ultimate factual findings that the BIA makes. The BIA states a position, and there is no evidence to support its factual findings. The court doesn't have to remand it back to the BIA to say, well, now make a new decision. The BIA states a position, and the evidence is there. The court can determine whether or not substantial evidence supports that finding. What was the procedural posture in Ventura had the BIA? Excuse me? In Ventura, had the BIA actually ruled on a petition? Is that how it came up? I have not heard that the BIA has made a decision in Ventura since then. I don't mean since then, but what was the procedural posture of the case in front of the U.S. Supreme Court? The procedural posture of the case that was in front of the Supreme Court? Right. The court had ordered the BIA to find that there had been no change of country conditions, that the evidence, the court could just make its own factual finding. So the court had ordered a contrary factual finding rather than reviewing the factual findings that the BIA itself made? The court did that in Ventura, yes. Okay. Yes, I seem to be recalling that to be the case. But this case doesn't concern with something as nebulous as country conditions and who's in the best position to make determinations on the political conditions in a foreign country. Here you're dealing with the BIA saying that the petitioner claimed that he was released because of an international inquiry, and, in fact, there's nothing in the record that shows that he ever made that claim. They just pulled that out of the air. They claim that he was in a position to present a coherent account of his contacts with Sikh militants when the immigration judge found that he was mentally fatigued and he wasn't in a condition to coherently testify, and the BIA just disregards the immigration judge's finding about his demeanor. So there's an abundant amount of evidence in this record that the court can make a finding, regardless of the holding of Ventura, that the BIA's credibility finding is not supported by substantial evidence. We would ask that the court just grant the position in order and find that the respondent has established a well-founded fear, and if the court wasn't willing to go that far, then to remand the case back so that he could present his case to the BIA. I think either way, the petition for review should be granted. I'd like to reserve the rest of my time for rebuttal. Thank you. You may do that. Thank you. Ms. Flippen. Good morning, Your Honors. May it please the Court, I'm Laura Flippen for the respondent this morning. To return to the Court's initial question of plaintiff's petitioner's counsel, the government would dispute that there was a denial of due process here when the board failed to grant the petitioner's motion for an extension of time to file his brief, and I'd like to address that point first. First, as indicated in our papers, there was a failure to comply with the board's regulation regarding the required change of address notice under the properly promulgated regulation. But most importantly here you have to change his address. If the notice of appeal gave a different address than the service used, what's the change? The address he turned in to begin with appears to be the address that was not used. It was used for the notice of the briefing schedule, Your Honor, and that was the official address that was placed on file with the board because that is the one that the board recognizes until it's changed by the submission of EOR Form 33, which is the regulatory requirement that that form be filed. But understanding the Court's concern regarding that, I would note that regardless the petitioner has to demonstrate here that the violation of due process resulted in some prejudice to him. And it's not clear that that prejudice has resulted here. Well, doesn't that assume that the agency would have ignored any potentially valid arguments that would be made? This seems to be rather a close case in which a brief might be of assistance if an agency were open-minded about it. Well, the petitioner does have to at least, Your Honor, make a proffer of what the prejudice to him would be. And there's been no proffer of that in this case. Why isn't his brief here a demonstration of what kinds of arguments he would have been able to make to the agency? I think in looking at the board's opinion, Your Honor, the board made a de novo review of the IJ's opinion and looked at some of the information that was put before it, including the matters that the petitioner raises in his brief here. There's no evidence that his submission of a brief, either with the information that he provided to this court or that he provided in his notice for appeal, would have resulted in a different result in his proceeding. He had numerous opportunities, obviously, before the IJ. There were seven different sessions of the hearing to present evidence. But beyond that, the board conducted its own independent review and reached the same conclusion as did the IJ. But without the benefit of any conversation with the petitioner's counsel or with the petitioner, a written conversation, I don't know. The petitioner did submit on his notice of appeal the outline of the reasons that he would submit why he believed that the adverse credibility finding was not correct by the IJ. And the board looked at that. It looked extensively at the record. It made its own findings, and it made its assessment of the evidence. And the board, I think there has to be something more shown by petitioner that he would have presented that would have caused the board to have ruled a different way, and I'm not sure that that has been shown here. Well, it's hard for me to evaluate your argument. It almost sounds as if remand would be futile. If your position is that no matter what he had said, the board would have come out the same way, then what would be the point of remanding it for a fuller opportunity for briefing? It seems to me if a case is closed, as this one seems to be, then almost potentially by definition either way the agency comes out is okay, but in terms of our review, but when the agency itself has an open field to operate in, why would we assume that it would come out the same way? Well, I would reiterate again, Your Honor, that I think it's the petitioner's burden to show somehow in the materials that he's proffered that there would have been a different result in the case. I'm not sure that he has shown that. What he has pointed to is the individual three elements that the board pointed to. There were three specific things that the board described as significant discrepancies in the case. The petitioner has pointed to individually why each of those discrepancies might individually be something that he could challenge, but he's not shown in total why the credibility finding would have been different. Well, what else can he talk about? Those are the things indicated by the board in its determination. What else is he supposed to speculate about what the board is thinking about and doesn't write? Which way the board is going to deny his application the next time? Is that what you're saying, Tess? It sounds like it. What I'm saying is that we should just review this decision and ignore the fact that he didn't have the opportunity to make any arguments, because the board is going to do the same thing anyway. And if we send it back, it might be on a different ground, but we don't know. But they're going to do the same thing. I would submit to Your Honors that at a very minimum what should be done here. I would not dispute that if the court were to find that there were a violation of due process. The remedy here would be to remand back to the board to allow the Petitioner to file said brief and to make arguments before the court. What's troubling me, though, is whether if we do that, whether your position is that it's still that the BIA will stick to its decision unless the Petitioner proves it wrong or whether it's really going to look at everything anew. And I'm having difficulty understanding that. No, Your Honor. Forgive me if I have misstated. The board would look at the matter anew. And if the court were to remand to the board for the board to allow Petitioner to file a brief under Ventura, that would be the required remedy. What I was suggesting simply was not that the board would make the same finding, but that the Petitioner had a burden here before the court to proffer that there was a possibility that there would be a different change in circumstance. I was not suggesting that the board would absolutely make the same conclusion if the matter were remanded. But you're saying that he hasn't met that burden here. So if it went back to the board, they would make the same decision. Isn't that the remainder of your argument? I think his burden here, Your Honor, is to show that the violation was such that it was in a manner that would potentially affect the outcome of the proceeding, not that it would absolutely affect the outcome of the proceeding. And I think that is the distinction in the standard that's important. Okay. So you're saying that it would not potentially affect the outcome of the proceeding for him to file the brief making arguments before the BIA? The government would submit that the board had an opportunity to consider all of the evidence that was placed before it from the immigration judge's hearing. Could you please answer my question, yes or no? I think that was a yes or no. I'm sorry, Your Honor. Can I ask you to please restate the question? Forgive me. The question was, is your argument that the petitioner has not made the appropriate proffer that had he submitted a brief making his arguments in front of the BIA that there was a potential that the BIA might come out differently? Yes, Your Honor. Okay. Can I just ask you about this instruction? As I understand the facts on the due process violation, the petitioner put his correct address on the notice of appeal, and the instructions say that you only have to provide to file a change of address form with the BIA if they're requesting a change from the address that they placed on the notice of appeal. Now, didn't the petitioner follow the instructions that the BIA publishes in this case? Those are the instructions that are placed on that form, yes, Your Honor, and he followed those. There is also a regulation of the board that says anytime the alien has a change of address within five days, he must provide that change of address on EOR form 33, and that governs the proceedings generally, not simply the notice of appeal. But he's only concerned about the appeal. He's not concerned about anything else generally. So wouldn't the specific govern over the general in terms of what the agency was required to do? I don't think that the statement on the instructions that accompany the notice for appeal are inconsistent with EOR form 33 requirement that the alien file under the regulation. The whole thing has, pardon me, but it really seems to have kind of a Kafkaesque feel to it. Here's the instruction. It says put on this form the address you would like us to continue to write to you at. He does that, and then the agency doesn't do it and says, ah-ha, that was something else we didn't explain to you that we really meant. I mean, it just seems extraordinary. Certainly the instruction on the form, the instructions accompanying the notice of appeal could be clearer, Your Honor. As I suggested earlier, I think the remedy here, if the court finds a due process violation based upon the alien and taking reasonable steps to comply with the change of address, would be to remand this back to the board. Even though you've said in answer to Judge Wardlaw's question and mine that the agency's position is that the briefing could have made no difference in the outcome? If I can have leave to answer, Your Honor. The agency's position is that the alien has not made the appropriate proffer to this court, which is his burden to show, not that the board would decide the same case the same way if he were given the opportunity to file a brief before it. If he were given the opportunity to file a brief before it and this court were to remand back with that instruction, of course the board would look at the issue anew given the information that he submitted and would make a new determination. I think we understand your position. Thank you. Thank you. You have some time remaining for rebuttal if you wish to take it. Thank you, Your Honor. I think that the way the regulations are set up, Your Honor, is the Justice Department views the proceedings before the immigration judge should be insular from the proceedings before the BIA. That's why the alien's counsel has to file a new notice of appearance form with the BIA. They don't just continue to represent the alien before the BIA. If they don't file that new notice of appearance form, they're unrecognized as the attorney. The address given to the immigration judge is irrelevant to the proceedings before the BIA. It's a fresh proceeding, insular. The first address that this petitioner gave the BIA was the address given on the notice to appeal form and item number eight on the appeal form. He didn't have to file a change of address form because, as Judge Clifton pointed out, his address there was his first address. If he moved, he would then require, under that regulation, H.C.F.R. 3.38E to notify the Board of Immigration Appeals of a new address. If he was at fault, then he wouldn't have a case here today. But as the record shows is that the BIA understood the address on the notice of appeal form was, in fact, his mailing address for purposes of the BIA. They sent the filing fee receipt to him at the address, and that appears in the administrative record at page 21. So this argument that the petitioner was required to submit a change of address form because he changed his address from the address before the immigration judge is a red herring. It has no basis in any regulation. It conflicts with the plain language on the notice of appeal form. The BIA was at fault, and there's no merit to the argument that somehow this is petitioner's fault. Thank you.
judges: Graber, Wardlaw, Clifton